Dear Mr. Hamilton:
This opinion is in response to your question asking:
 May a person who has filed for county office on a party ticket and does not withdraw prior to the time of the primary election and who loses the primary election file after the primary election and before the general election as a write-in candidate of a different political party?
You also state:
 Prior to the April deadline two candidates filed for Sheriff of Callaway County, Missouri. Both candidates filed on the Democratic ticket. Neither of them withdrew prior to the primary election. Naturally one of the candidates beat the other candidate. The losing candidate may now want to file as a write-in candidate under the provisions of Section 115.453. This candidate would be filing as a write-in candidate for the same office and for the same term as he had previously run in the Democratic Primary.
Section 115.351, RSMo, provides:
 No person who files as a party candidate for nomination or election to an office shall, without withdrawing, file as another party's candidate or an independent candidate for nomination or election to the office for the same term. No person who files as an independent candidate for election to an office shall, without withdrawing, file as a party candidate for nomination or election to the office for the same term. No person shall file for one office and, without withdrawing, file for another office to be filled at the same election. Any person violating any provision of this section shall be disqualified from running for nomination or election to any office at the primary and general election next succeeding the violation.
Section 115.453, RSMo Supp. 1979, provides in pertinent part:
 (4) Write-in votes shall be counted only for candidates who have filed a declaration of intent to be a write-in candidate with the proper election authority prior to 5:00 p.m. on the Friday immediately preceding any election day. The election authority shall furnish a list to the election judges and counting teams prior to election day of all write-in candidates who have filed such declaration. This subdivision shall not apply to elections wherein candidates are being elected to an office for which no candidate has filed.
 (5) Write-in votes shall be counted separately for a candidate under the party designation for which it was cast. Votes for the same person cast under more than one party designation shall not be counted as one total vote for that candidate, and the votes for such candidate shall be tabulated separately for each party designation for which he received votes. No candidate shall be nominated or elected as a write-in candidate unless he receives a separate majority of the votes under one party designation regardless of whether or not the total write-in votes for such candidate under all party designations totals a majority of the votes cast.
The subsections of § 115.453, which we have quoted above, were added to the laws in 1979 after § 115.351 became effective. We are doubtful that § 115.351 includes candidates, such as the one in question, who intend to file as write-in candidates under subsection (4) of § 115.453.
We believe that it is reasonable to assume that a court of law would resolve any ambiguity in these sections in favor of the voter's right to select a candidate of his own choosing. For that reason, we are doubtful that a court would rule that § 115.351
precluded such a person from being a write-in candidate under § 115.453.
We conclude that the election authority should accept the proper filing of such a candidate notwithstanding the possible application of § 115.351. Write-in votes for such a candidate should be counted pursuant to § 115.453. In that manner the candidate in question will be given the benefit of any doubt with respect to an interpretation of the provisions of § 115.351, to which we believe he is entitled in the absence of any court declaration to the contrary.
CONCLUSION
It is the opinion of this office that § 115.351, RSMo, which prohibits a person who files as a candidate for office from filing for such office for the same term as an independent candidate without withdrawing, does not apply to a person who files as a write-in candidate under § 115.453, RSMo Supp. 1979, after losing in a primary contest for the same office. Therefore, a person who was defeated as a candidate for an office in a party primary is entitled to have counted for him at the November election write-in votes under the provisions of § 115.453, if he complies with the filing requirements of such section.
The foregoing opinion, which I hereby approve, was prepared by my Assistant, C. B. Burns, Jr.
Very truly yours,
 JOHN ASHCROFT Attorney General